UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| NADINE MAYFIELD | CIVIL ACTION NO 06-2165 |
| VERSUS | JUDGE DOHERTY |
| CONTINENTAL UNDERWRITERS, LTD.<br>MIKE HOOKS, INC. | MAGISTRATE JUDGE METHVIN |

*RULING ON MOTION TO COMPEL PHYSICAL EXAMINATION*
*(Rec. Doc. 25)*

Before the Court is defendants' ("movers")Motion to Compel Physical Examination filed on December 4, 2007 (Rec. Doc. 25). The Court granted movers' motion for expedited consideration on December 6, 2007 (Rec. Doc. 29). Plaintiff opposes the motion (Rec. Doc. 26).

Plaintiff allegedly sustained permanent injuries to her neck and back on two separate occasions when she was employed by defendant Mike Hooks ("Hooks"). Plaintiff claims she was injured on May 31, 2004 when she was aboard the DREDGE MIKE HOOKS and it collided with another vessel. She claims she was injured again on November 1, 2005 when she was forced to abandon ship because of a fire aboard the DREDGE MIKE HOOKS.

Plaintiff has received medical treatment from a number of doctors, including two orthopaedic surgeons: Dr. George Williams, and Dr. John Cobb. Plaintiff has already undergone lumbar disc surgery, and Dr. Williams now recommends that she undergo cervical disc surgery. Movers seek a third independent medical examination ("IME") by Dr. John P. Schutte, orthopaedic surgeon, on December 20, 2007 at 7:30 a.m. prior to the surgery. Movers anticipate that the surgery will occur prior to trial, which is currently set for March 8, 2008.

As indicated, Dr. Schutte has conducted two previous examinations of the plaintiff - on March 16, 2006, prior to her back surgery, and on April 26, 2007.

2

Movers contend that at the time of her first examination with Dr. Schutte, plaintiff's primary complaints were of low back pain, and she reported her neck pain had been addressed by conservative treatment. On August 31, 2006, Dr. Schutte issued a supplemental opinion that lumbar surgery was not indicated. Plaintiff nonetheless underwent lumbar surgery and thereafter continued treatment for neck pain. A recommendation for cervical surgery was made, and movers' obtained a second IME from Dr. Schutte on April 26, 2007. At the time, Dr. Schutte was presented with new X-rays of plaintiff's lumbar spine, but no new X-rays or MRI films of her cervical spine. Dr. Schutte concluded that cervical surgery was not appropriate.

Four months later, on August 27, 2007, plaintiff had a new MRI done of her cervical spine. On November 19, 2007, after reviewing plaintiff's latest MRI results, Dr. Schutte stated that the MRI did not change his opinion that she did not need surgery . Dr. Schutte stated:

> I have not seen this patient for an evaluation since April of this year and it is possible that some type of new neurologic problem or a different pain symptom has come about over that period of time. I would be glad to see her for further evaluation, but presently I don't see any reason to change my recommendation based on the MRI alone.

Movers argue that, although the MRI did not reveal a condition warranting surgery, plaintiff's physician continues to recommend neck surgery. Movers request a re-evaluation IME in order to be fully apprised of her condition, "so that any independent medical opinion regarding her condition is fully informed and so credible." Specifically, movers seek another IME because (1) her surgical recommendation is based only on her subjective complaints of pain; (2) it has been more than seven months since Dr. Schutte has last seen plaintiff, and trial is still three months away; (3) Dr. Schutte has recommended it would be appropriate to evaluate her to confirm whether a new problem or symptom has come up since he last saw her; and (4) they are

3

entitled to uphold the integrity of Dr. Schutte's IME by affording him full information, which Dr. Schutte's has indicated would include a re-evaluation of plaintiff. Movers argue they are not "doctor-shopping" an opinion. Movers are attempting to avoid a challenge Dr. Schutte's opinion on the basis that he has not seen her for an extended period of time so that deference should be given to her treating physician.

Plaintiff argues that movers are seeking a third compulsory examination by the same examiner for the sole purpose of bolstering their paid expert's credibility; that movers have offered no proof that plaintiff's physical condition has changed since that time; and that there is no reasonable basis for movers' conclusion that a third examination by Dr. Schutte will result in new findings. Plaintiff concludes that movers have failed to establish good cause for a third compulsory physical examination.

Rule 35(a) provides that:

When the mental or physical condition (including the blood group) of a party, or of a person in the custody or under the legal control of a party, is in controversy, the court in which the action is pending may order the party to submit to a physical or mental examination by a suitably licensed or certified examiner or to produce for examination the person in the party's custody or legal control. The order may be made only on motion for good cause shown and upon notice to the person to be examined and to all parties and shall specify the time, place, manner, conditions, and scope of the examination and the person or persons by whom it is to be made.

One court has stated

Rule 35 does not establish a limitation on the number of examinations to which a party may be subjected. Nor would such a limitation be a judicious one. Each request for an independent medical examination must turn on its own facts, and the number of examinations to which a party may be subjected depends solely upon the circumstances underlying the request. Because the standards established by Rule 35 are flexible, the resolution of the pending motion rests within the sound discretion of the trial court.

4

Moore v. Calavar Corp. 142 F.R.D. 134, 135 (W.D. La. 1992) citing Teche Lines v. Boyette, 111 F.2d 579 (5th Cir.1940).

Although Rule 35 may permit more than one IME of a party, the party seeking the examination always bears the burden of showing good cause to support an order requiring an IME. Where "the moving party has already made an examination in the past, ... the court will require a stronger showing of necessity before it will order repeated examinations." §8A C. WRIGHT, A. MILLER & R. MARCUS, FEDERAL PRACTICE AND PROCEDURE § 2234 at 475.

The Second Circuit Court of Appeals has stated that a second examination is not necessary if there has already been an examination and a report which will enable the defendant to adequately defend the lawsuit. DeCrescenzo v. Maersk Container Service Co., 741 F.2d 17, 21 (2d Cir.1984). "Examples of circumstances which have been held sufficient to justify second examinations include: (a) separate injuries calling for examination by distinct medical specialties; (b) where a physician requires assistance of other consultants before he can render a diagnosis; (c) where the first examination was not adequate or complete; and (d) where a substantial time lag occurred between the initial examination and the trial." Moore, 142 F.R.D. at 135 (W. D. La.1992) (footnotes omitted).

In the instant case, Dr. Schutte has already examined the plaintiff in connection with her cervical complaints. This is not a situation where the examination would address a new or different injury. Nor is there any evidence that the previous cervical IME was inadequate or incomplete. Although Dr. Schutte last saw plaintiff on April 26, 2007, he reviewed her August 2007 MRI and issued a supplemental report on November 19, 2007, stating that he had not changed his opinion that surgical intervention is unnecessary. Finally, there is no showing that

5

there has been any dramatic change in plaintiff's condition that would warrant another IME by Dr. Schutte.  The undersigned concludes that Dr. Schutte's previous examinations and reports enable defendants to adequately defend the suit.  Accordingly, movers have not shown good cause for a third IME by Dr. Schutte.

**IT IS THEREFORE ORDERED** that the Motion to Compel Physical Examination is **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk shall fax a copy of this ruling to all counsel of record.

Signed at Lafayette, Louisiana, on December 14, 2007.

Mildred E. Methvin
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)